UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ROBINSON,<br><br>    Petitioner,<br><br>    v.<br><br>J.C. ZUERCHER, et al.,<br><br>    Respondents. | NO. CV 09-808-CJC (AGR)<br><br>ORDER TO SHOW CAUSE |

      On February 2, 2009, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, it appears that Petitioner is not "in custody" pursuant to the state conviction he challenges and that the one-year statute of limitations has expired.

      The Court, therefore, orders Petitioner to show cause, on or before **March 9, 2009**, why this Court should not recommend dismissal with prejudice based on lack of subject matter jurisdiction and expiration of the one-year statute of limitations.

///

# I.

## PROCEDURAL BACKGROUND

According to the Petition, Petitioner was charged with attempted homicide, possession of a deadly weapon, and discharging a firearm into an inhabited dwellling.  (Petition at 1.)  On October 9, 1984, Petitioner was sentenced to eight years in prison after pleading guilty to counts 1, 5 and 7.  (Petition at 1.)  Petitioner did not appeal.  (*Id.*)

According to the Petition, Petitioner's motion to vacate and set aside judgment of conviction and writ of coram nobis was denied by the Los Angeles County Superior Court on May 4, 2006.  (Ex. 2 to Petition.)  Petitioner filed another motion to vacate and set aside the judgment of conviction and writ of error coram nobis, which was denied by the Los Angeles Superior Court on November 1, 2006.  (Ex. 3 to Petition.)

On December 4, 2006, Petitioner filed a petition for writ of habeas in the California Court of Appeal, which was denied on December 20, 2006.  (Ex. 4 to Petition.)  The Court of Appeal's decision indicates that it previously rejected identical claims in a prior petition for writ of habeas corpus in Case No. B194116.  (*Id.*)  According to the Court of Appeal's online docket, Petitioner filed a petition for writ of habeas of corpus in Case No. B194116 on October 3, 2006, which was denied on October 11, 2006.  On April 26, 2007, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on September 12, 2007.  (Ex. 5 to Petition.)

On January 9, 2009, Petitioner signed and mailed the Petition in this Court.  (Petition at 4 & Proof of Service.)  Petitioner raises two grounds.  (*Id.* at 3-4.)

## II.

## THE "IN CUSTODY" JURISDICTIONAL REQUIREMENT

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA

in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "in custody" under the conviction or sentence under attack at the time the petition for writ of habeas corpus is filed. 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989); *Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005).

As the Supreme Court stated: "The question presented by this case is whether a habeas petitioner remains 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not." *Maleng*, 490 U.S. at 492. "In this case, of course, the possibility of a sentence upon a sentence upon a subsequent conviction being enhanced because of the prior conviction actually materialized, but we do not think that requires any different conclusion. *Id.* at 492-93.

The Petition indicates that Petitioner's 8-year prison sentence based on his 1984 state conviction expired no later than 1992. (*See* Petition at 1.) Petitioner states that he is currently serving a federal life sentence in a United States Penitentiary. (Petition at 1; Memorandum of Law in Support of Petition of § 2254 ("Memo.") at 1; Affidavit in Support of Motion for Appointment of Counsel ¶ 3 ("I am presently serving life in prison after convicted in federal court on 21 U.S.C. § 848.").)

Accordingly, Petitioner does not establish that he is "in custody" under the state conviction or sentence under attack at the time the Petition was filed.

///

///

3

# III.

# **STATUTE OF LIMITATIONS**

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A.   **The Date on Which Conviction Became Final**

The Petition states that Petitioner was convicted and sentenced pursuant to a guilty plea on October 9, 1984. (Petition at 1.) Petitioner states that he did not appeal. (*Id.*) Therefore, his conviction became final 60 days later on December 8, 1984. California Rules of Court 8.308(a) (formerly Rule 30.1).

Because Petitioner's conviction became final before the effective date of the AEDPA, Petitioner was required to file a federal habeas petition by April 24, 1997. *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). Petitioner signed and mailed his federal habeas petition on January 9, 2009, over 11 years later. (Petition at 4 & Proof of Service.) The Petition is time-barred unless the statute of limitations was tolled.

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner states that he mailed his first state habeas petitions in 2006, approximately nine years after the statute of limitations expired. (Petition at 2; Memo. at 2.) A state habeas petition filed after the limitations period has expired does not toll or revive the expired limitations period. *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003).

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling. *Lawrence v. Florida,* 549 U.S. 327, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d.

924 (2007). Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* The extraordinary circumstances must have been the cause of his untimeliness. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

Petitioner submitted a "Petition for Equitable Tolling of AEDPA's One-Year Statute of Limitations Pursuant to 28 USC § 2244(d)(1)." Petitioner claims that he first mailed a petition for writ of habeas corpus to this court in July 2008, without specifying the date. (*Id.* at 3; Robinson Decl. ¶ 2.) Even assuming a mailing date of July 1, 2008, the Petition remains over 11 years late.

The Petition does not provide any basis for equitable tolling during the period April 24, 1996 through July 2008.

### B.  Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

Ground One is based on ineffective assistance of counsel for failing to file an appeal after being instructed to do so by Petitioner. (Petition at 3.)

In the context of an ineffective assistance claim, the statute of limitations starts to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice, whichever is later. *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

"'Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan*, 254 F.3d at 1154 n.3. Here, even assuming Petitioner had appealable issues, a notice of appeal and request for certificate of probable cause must be filed within 60 days of the judgment, which would have been

December 8, 1984. Cal. Rules of Court 8.304(b), 8.308(a); Cal. Penal Code § 1237.5(a). Although Petitioner does not state when he discovered that his counsel did not file an appeal, Petitioner could certainly with diligence have discovered the lack of appeal long before April 24, 1997, when the limitations period for filing a petition for writ of habeas corpus in federal court expired. Because there is no basis for statutory or equitable tolling as discussed above, the Petition appears barred by the statute of limitations.

## IV.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **March 9, 2009**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal with prejudice of the petition based on lack of subject matter jurisdiction and expiration of the one-year statute of limitations. Petitioner's response must explain why this court has jurisdiction and why his petition is not barred by the statute of limitations.

*Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the District Court dismiss the petition, with prejudice, based on expiration of the one-year statute of limitations.*

DATED: February 5, 2009

/s/ Alicia G. Rosenberg
ALICIA G. ROSENBERG
United States Magistrate Judge